IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BAROYA, et al.,<br><br>　　　　Defendants. | 1:10-cv-02161-OWW-GSA-PC<br><br>ORDER DISMISSING ACTION,<br>WITHOUT PREJUDICE TO REFILING<br>WITH SUBMISSION OF $350.00 FILING<br>FEE IN FULL<br><br>ORDER FOR CLERK TO CLOSE CASE |

　　　　Carlos Hendon ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 19, 2010, together with an application to proceed in forma pauperis pursuant to 28 U.S.C. 1915(a). (Docs. 1, 2.)

　　　　28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28

1

U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff is, at the time the complaint is filed, under imminent danger of serious physical injury.[1]

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception.[2] Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff alleges in the Complaint that defendant Baroya allowed non-medical staff to place Plaintiff in a management cell when he was suicidal, causing Plaintiff to suffer a back injury and pain in his neck. Accordingly, Plaintiff is ineligible to proceed in forma pauperis in this action.

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED, without prejudice to refiling with the submission of the $350.00 filing fee in full; and

2. The Clerk is directed to CLOSE this caseIT IS SO ORDERED.

**Dated:   February 3, 2011**               /s/ Oliver W. Wanger
                                                                    UNITED STATES DISTRICT JUDGE

---

[1] The Court takes judicial notice of the dismissals suffered by Plaintiff that count as strikes under 1915(g): (1) case number 2:05-cv-01063-DFL-PAN-PC (E.D.Cal.) Hendon v. Rogal (dismissed on 08/28/2006 for failure to state a claim); (2) case number 1:05-cv-01246-AWI-DLB-PC (E.D. Cal.) Hendon v. Witcher, et al. (dismissed on 08/06/2007for failure to state a claim); and (3) case number 2:07-cv-01835-GEB-CMK (PC) Hendon v. White, et al. (dismissed on 02/05/2008 for failure to state a claim).

[2] Plaintiff's claim in this action arises from generalized conditions of confinement issues at California Correctional Institution and California State Prison-Sacramento. The Court expresses no opinion on the merits of Plaintiff's claims.